FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YUWNUS WARNER,

                       Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT, 81st PRECINT;
OFFICER GARNER, OFFICER JOHN DOE,

                       Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
12-CV-2799 (CBA) (LB)

AMON, Chief Judge:

In this *pro se* action brought pursuant to 42 U.S.C. § 1983 the plaintiff alleges that he was subjected to excessive force after he was issued a summons for riding his bicycle on the sidewalk. The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the plaintiff's claims against the City of New York, the New York City Police Department ("NYPD") and the 81st Precinct are dismissed. The plaintiff's claim will proceed against the individual police officer defendants.

## BACKGROUND

The plaintiff alleges that on May 7, 2011, Police Officer Garner and another unidentified officer from the 81st Police Precinct punched and hit him repeatedly after they issued him a summons for riding his bicycle on the street. See Compl. ¶¶ 12, 25, 58-69. He alleges that they only stopped beating him after he began bleeding from his head. Id. ¶ 65. According to the complaint, the two officers took the plaintiff to the 81st Precinct, where they and several other unidentified officers continued to beat him. Id. at ¶¶ 70-74. The plaintiff eventually was taken by ambulance to the Woodhull Medical Center in Brooklyn, where he was given a CAT scan, x-rays, received stitches in his right eye, and was prescribed pain killers and antibiotics. Id. at

¶¶ 80-81. The plaintiff was then taken back to the 81st Precinct and released. The plaintiff seeks damages and injunctive relief.

## STANDARD OF REVIEW

When reviewing a *pro se* litigant's complaint, a court must construe it liberally and interpret it as raising the strongest arguments it suggests. See Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

The Court has reviewed the complaint and finds that the claims asserted by the plaintiff against the City of New York, the NYPD, and the 81st Police Precinct should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

A.    The City of New York

"In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right." Steele v. City of New York, 2010 WL 1946290, at *1 (E.D.N.Y. 2010) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). A single incident described in a complaint, particularly one that involves actors below the policymaking level, does not raise an inference of the existence of a policy or custom. Hartnagel v. City of New York, 2012 WL 1514769, at *4 (E.D.N.Y. 2012); Gordon v. City of

2

New York Police Dept. 84th Precinct, (E.D.N.Y. 2012) ("'Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker.'" (quoting City of Oklahoma v. Turtle, 471 U.S. 808, 823-24 (1985)).

The plaintiff does not allege that the police officer defendants used force against him pursuant to a municipal policy or custom. He describes only a single incident involving certain individual police officers. These allegations, without more, are insufficient to support a Monell claim against the City, and the isolated incident described in the complaint is not sufficient to support an inference that the alleged constitutional violation can be attributed to a municipal policy or custom. See Walker v. City of New York, 2007 WL 1340252, at *2 (E.D.N.Y. 2007) (dismissing complaint against City of New York where "even liberally construing plaintiff's claim, nothing suggest[ed] that the alleged constitutional violations were attributable to any municipal policy or custom"). Accordingly, the plaintiff's claims against the City of New York are dismissed.

B. The NYPD and 81st Police Precinct

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. The NYPD is a non-suable agency of the City of New York. See Maier v. New York City Police Dep't, 2009 WL 2915211, at *2 (E.D.N.Y. 2009) (dismissing claims against the NYPD and NYDOC as non-suable entities); Wingate v. City of New York, 2008 WL 203313, at *2 (E.D.N.Y. 2008) (holding that 113th Precinct of NYPD is not a suable entity). Accordingly, the

3

plaintiff's claims against the NYPD and the 81st precinct are dismissed.

## CONCLUSION

For the reasons stated herein, it is hereby:

ORDERED that the plaintiff's claims against the City of New York, the New York City Police Department, and the 81st Police Precinct are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants, and it is further

ORDERED that the Clerk of Court shall prepare a summons against the remaining defendants in this action, Officer Garner and Officer John Doe of the 81st Police Precinct, and the United States Marshals Service shall serve the summons, complaint and a copy of this order upon defendant Officer Garner of the 81st Police Precinct without prepayment of fees, and it is further

ORDERED that a courtesy copy of the summons, complaint, and this order shall be served upon the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is hereby referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

_____
Carol Bagley Amon
Chief Judge, United States District Court

Dated: Brooklyn, New York
June 27, 2012

4